# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JELANI KHAMISI,<br>    Petitioner, | Case No. 1:18-cv-269 |
| | Dlott, J. |
| v. | Litkovitz, M.J. |
| SHERIFF, HAMILTON COUNTY, et al.,<br>    Respondents. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a pretrial detainee at the Hamilton County Justice Center, has filed a petition for a writ of habeas corpus in this Court. (Doc. 1). On April 24, 2018, the Court issued a Deficiency Order, requiring petitioner to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty (30) days. (Doc. 2). Furthermore, petitioner was ordered to show cause within thirty (30) days why the instant action should not be dismissed without prejudice as premature or on the ground that petitioner has not exhausted available state court remedies.[1] (*See id.*). Petitioner was also advised that failure to comply with the Deficiency Order will result in the dismissal of this action for want of prosecution.

To date, more than thirty days after the Court's April 24, 2018 Order, petitioner has failed to comply with the Deficiency Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas

---

[1] In the Deficiency Order, the undersigned noted that petitioner had previously filed three similar habeas corpus actions in this Court. (*See* Doc. 2 at n.1).

corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, because petitioner has failed to comply with the Deficiency Order issued on April 24, 2018, petitioner's petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** for lack of prosecution.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**


Date:  6/1/2018                             *s/ Karen L. Litkovitz*
                                            Karen L. Litkovitz
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JELANI KHAMISI,<br>      Petitioner,<br><br>v.<br><br>SHERIFF, HAMILTON COUNTY, et al.,<br>      Respondents. | Case No. 1:18-cv-269<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).